# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

JUAN ALBERTO VASQUEZ PINEDA, )
)
Petitioner, )
)
-vs- )    NO. CIV-26-0469-HE
)
MARKWAYNE MULLIN, et al., )
)
Respondents. )

## ORDER

Petitioner Juan Alberto Vasquez Pineda, through counsel,[1] seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to force review of the legality of his detention by United States Immigration and Customs Enforcement (ICE). According to the habeas petition, petitioner is a native and citizen of Honduras who entered the United States without inspection on or about March 5, 2019. He turned himself into immigration officials and was subsequently released. Thereafter, he applied for asylum. The petition indicates that while on the way to work on December 16, 2025, petitioner was stopped and was detained by ICE. It also indicates he is currently detained at Diamondback Detention Facility in Watonga, Oklahoma.

In the petition, petitioner claims his detention pursuant to 8 U.S.C. § 1225(b)(2)(A), rather than pursuant to 8 U.S.C. § 1226(a), which provides for a bond hearing, violates the Immigration and Nationality Act, certain federal regulations, the retroactivity doctrine, and the Fifth Amendment due process clause. He also claims his arrest without a warrant and

---

[1] *The motion for relief from local counsel [Doc. #5] is **GRANTED**.*

subsequent detention violated the Fourth Amendment. Petitioner requests, as part of his relief, release from custody, or alternatively, a bond hearing pursuant § 1226(a). As ordered by the court, the federal respondents filed a response to the petition, and petitioner filed a reply. The matter is at issue.

Respondents, in their briefing, acknowledge this court's ruling in Ramirez Rojas v. Noem, No. CIV-25-1236-HE, 2026 WL 94641, **1-2 (W.D. Okla. Jan. 13, 2026), concluding that § 1226(a) rather than § 1225(b)(2)(A) governed the petitioner's detention, and that this case may be decided in similar fashion. Nonetheless, respondents rely upon contrary decisions by judges in this district, specifically, Gutierrez Sosa v. Holt, Case No. CIV-25-1257-PRW, 2026 WL 36344, at **3-5 (W.D. Okla. Jan. 6, 2026) and Montoya v. Holt, Case No. CIV-25-1231-JD, 2025 WL 3733302, at **5-12 (W.D. Okla. Dec. 26, 2025), as well as the contrary decisions of the Eighth and Fifth Circuit Courts of Appeals in Avila v. Bondi, No. 25-3248, ___ F.4th ___, 2026 WL 819258, at **3-6 (8th Cir. Mar. 25, 2026) and Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502-508 (5th Cir. 2026), to urge the court to deny petitioner's § 2241 petition. Upon review, the court declines to reconsider its prior ruling. The conflicting decisions of the judges in this district and the 2-1 decisions in Avila and Buenrostro-Mendez make clear that strong arguments support both statutory readings of the parties. However, the court remains persuaded that § 1226(a) governs and continues to follow similar rulings by the judges in this district[2] and the Seventh Circuit

---

[2] See Lopez v. Corecivic Cimmaron Correctional Facility, Case No. CIV-25-1175-SLP, 2026 WL 165490, at **3-7 (W.D. Okla. Jan. 21, 2026); Valdez v. Holt, Case No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025); Colin v. Holt, Case No. CIV-25-1189-D, 2025 WL

Court of Appeals in <u>Castanon-Nava v. U.S. Department of Homeland Security</u>, 161 F.4th 1048, 1060-62 (7th Cir. 2025).  And even though petitioner filed an asylum application, the court has previously concluded that § 1225(b)(2)(A) still does not apply.  *See* <u>Li v. Grant</u>, CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026).

Because § 1226(a) governs petitioner's detention, the court concludes that he is entitled to an individualized bond hearing.  The court will therefore grant the habeas corpus petition in part[3] and order respondents to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) business days or otherwise release him if no hearing is held within that time.

Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] is **GRANTED in part**.  Respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **<u>seven (7) business days</u>** or otherwise release petitioner if he has not received a lawful bond hearing within that period.  Respondents are further **ORDERED** to certify compliance by filing a status report within **<u>ten (10) business days</u>** of the court's order.

In light of the court's ruling, the motion for temporary restraining order and/or preliminary injunction [Doc. #4] is **STRICKEN as MOOT**.

A separate judgment will be entered.

---

*3645176, at *2 (W.D. Okla. Dec. 16, 2025),* <u>*Escarcega v. Olson*</u>*, Case No. CIV-25-1129-J, 2025 WL 3243438, at *1 (W.D. Okla. Nov. 20, 2025).*

[3] *The court declines to decide the merits of petitioner's other claims alleged in the habeas petition (Counts II-V) in light of its ruling that § 1226(a) governs petitioner's detention.*

**IT IS SO ORDERED**.

Dated this 7th day of April, 2026.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE

4